UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80638-ROSENBERG/BRANNON

HUSSAIN KAREEM,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC and
CITIBANK, N.A., as Trustee for AHMAT 2006-3,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [DE 22]. The Court has carefully considered Defendants' Motion, Plaintiff's Response thereto [DE 31], and Defendants' Reply [DE 36], and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion is **GRANTED IN PART and DENIED IN PART**. Defendants' Motion is **GRANTED** to the extent it requests a more definite statement of Plaintiff's Complaint. In all other respects, Defendants' Motion is **DENIED**.

### I.    INTRODUCTION

On May 18, 2015, *pro se* Plaintiff Hussain Kareem filed a Complaint [DE 1] against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Citibank, N.A., as Trustee for AHMAT 2006-3 ("Citibank").[1] To his Complaint, which on its own reaches 50 pages in length, Plaintiff attached numerous exhibits comprising an additional 84 pages. *See* DE 1. Despite having carefully reviewed Plaintiff's Complaint and all exhibits attached thereto, the Court is unable to

---

[1] Defendants' Motion indicates that Citibank is incorrectly named in Plaintiff's Complaint, and that Citibank's correct name is "Citibank, N.A. as Trustee for American Home Mortgage Assets 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3." *See* DE 22 at 1.

determine the precise number of claims asserted by Plaintiff. Similarly, the legal basis and factual support for each of Plaintiff's claims is difficult to discern. At a minimum, the Court surmises that most if not all of Plaintiff's claims concern the legality of certain actions taken by Defendants subsequent to Plaintiff's purported rescission of his home loan. *See id.*

On August 4, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint [DE 22]. In their Motion, Defendants assert that Plaintiff's Complaint is an impermissible shotgun pleading, fails to comply with Federal Rule of Civil Procedure 8(a), and fails to state a claim upon which relief can be granted. *See* DE 22. Defendants request that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, that the Court order a more definite statement of Plaintiff's Complaint. *See id.*

The Court agrees that Plaintiff's Complaint is an impermissible shotgun pleading and fails to comply with the federal pleading standards set forth in the Federal Rules of Civil Procedure. As a result, the Court cannot determine whether any of Plaintiff's claims warrant dismissal without undertaking the onerous task of sifting through the various factual allegations and legal conclusions contained in Plaintiff's Complaint. The Court declines to do so. Instead, the Court requires Plaintiff to replead his claims in a complaint that respects federal pleading standards, as outlined below.

## II.     LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 8(a) requires that any claim for relief contain "a *short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8(a) works in conjunction with Federal Rule of Civil Procedure 10(b), which requires that "each claim founded on a separate transaction or occurrence . . . must

be stated in a separate count," to produce coherent, intelligible pleadings that clearly identify a party's claims.

Plaintiff's Complaint fails to comply with the federal pleading standards set forth in Rules 8(a) and 10(b). It does not state each claim in a separate count, as required by Rule 10(b), nor does it contain a *short and plain statement* of each claim, as required by Rule 8(a). Compounding these failures is the fact that Plaintiff's Complaint is an impermissible shotgun pleading:

> The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous.

*Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). As a result, it is difficult to discern the precise number of claims Plaintiff intends to assert, let alone the legal basis and factual support for each.

It is true that *pro se* litigants are not subject to the same pleading standards as attorneys. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."). Nevertheless, "the toleration of complaints such as this one 'does great disservice to the administration of civil justice.'" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (quoting *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998)). This does not mean, however, that dismissal of Plaintiff's Complaint is warranted at this stage.

> Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as [Plaintiff's] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts

3

multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses. Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) (internal quotation marks and citation omitted).

### III.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint [DE 22] is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendants' Motion is **GRANTED** to the extent it requests a more definite statement of Plaintiff's Complaint. Plaintiff shall replead all claims in a complaint that respects federal pleading standards, including the requirements of Federal Rules of Civil Procedure 8(a) and 10(b), and shall file the complaint in this case on or before **Wednesday, December 2, 2015**. Defendants shall respond no later than seven (7) days after the date of service of such complaint.

2. In all other respects, Defendants' Motion is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 18th day of November, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record
Hussain Kareem